| | |
|---|---|
| 1 | LAW OFFICES OF NEIL L. SHAPIRO |
| | NEIL L. SHAPIRO (SBN 051547) |
| 2 | 2100 Garden Road, Suite C301 |
| | Monterey, California 93940 |
| 3 | Telephone: (831) 372-3700 |
| | Facsimile: (831) 372-3701 |
| 4 | |
| 5 | Attorneys for ELECTRONIC ARTS INC., SONY MUSIC ENTERTAINMENT, INC., SONY COMPUTER ENTERTAINMENT AMERICA, INC., |
| 6 | RANDOM HOUSE, INC., WAL-MART STORES, INC., COMPUSA, INC., ELECTRONICS BOUTIQUE, |
| 7 | INC., and BEST BUY STORES, L.P |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 11 | | |
| 12 | ELECTRONIC ARTS INC., | No. C 03-04935 CW |
| 13 | Plaintiff, | |
| | v. | No. C 04-03180 RS |
| 14 | HERBERT ENTERPRISES, LLC, a Washington Limited Liability Company, and HERBERT | STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON |
| 15 | LIMITED PARTNERSHIP, a Washington Limited Partnership, | |
| 16 | Defendants. | |
| 17 | | |
| 18 | | |
| 19 | HERBERT LIMITED PARTNERSHIP, | |
| 20 | Plaintiff, | |
| 21 | v. | |
| 22 | | |
| 23 | SONY MUSIC ENTERTAINMENT, INC., *et al*., | |
| | Defendants. | |
| 24 | | |

1   WHEREAS, the parties hereto recognize that preparation and trial of this action
2   will require the discovery of certain Information (defined below in Section 1. hereof) claimed by
3   one or more of the parties to contain trade secret or confidential business, commercial or
4   financial information of a party or of third parties, the disclosure of which foreseeably could
5   result in direct and serious injury to the Producing Party (also defined below in Section 1. hereof)
6   and put it at a competitive disadvantage;
7   WHEREAS, the parties desire to litigate this action without jeopardizing the
8   commercial, competitive or business interests of themselves or of third parties in the
9   confidential, proprietary or trade secret nature of this Information;
10  WHEREAS, the parties wish to establish procedures to limit the necessity for
11  objections or subsequent motions seeking to limit discovery, and facilitate the disposition by this
12  Court of any disputes or problems that may arise in connection with discovery herein;
13  WHEREAS, the parties desire to enter into this Stipulation pending an Order
14  hereon by the Court and to abide by all terms of this Stipulation as to any Information produced
15  prior to the Court entering its Order hereon, irrespective of whether the Court has issued, or ever
16  issues, a signed Order;
17  THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among
18  Herbert Limited Partnership, Electronic Arts Inc., Random House, Inc., Sony Music
19  Entertainment, Inc., Sony Computer Entertainment America, Inc., Universal City Studios LLLP,
20  Universal Studios Licensing LLLP, Wal-Mart Stores, Inc., CompUSA, Inc., Electronics
21  Boutique, Inc., and Best Buy Stores, L.P. that the following Protective Order be entered in
22  Consolidated Case Nos. C-03-04935 CW and C-04-03180 RS (the "Proceeding") as follows:
23  1.   **Scope of Protective Order.**  This Protective Order shall govern all
24  information produced or disclosed in this Proceeding, whether revealed in a document,
25  deposition, other testimony, discovery response or otherwise, (collectively, "Information") by
26  any party or third party ("Producing Party") to any other party ("Receiving Party").

2. **Confidential Material.** A Producing Party may designate as "Confidential" any Information that the Producing Party uses in, or that pertains to, its business, that has not been made public and that the Producing Party would not normally reveal to third parties or would cause third parties to maintain in confidence. All such designated material, and all copies, extracts and summaries thereof, shall be considered "Confidential Material."

3. **Outside Counsel Eyes Only Material.** A Producing Party may designate as "Outside Counsel Eyes Only" any Information that the Producing Party in good faith believes could cause it competitive harm if produced to one or more other parties or the representatives of one or more other parties other than its or their outside counsel.

4. **Disclosure of Confidential Material.** Confidential Material may be disclosed only to the following persons:

   (a) Outside counsel of record for any party in this Proceeding, and in-house counsel who has or have primary responsibility for this Proceeding for a party, and their respective legal assistants, clerical and other support personnel;

   (b) Outside experts and consultants and their staff retained to assist the Receiving Party in the Proceeding;

   (c) Vendors providing litigation support services, such as copying, document management, jury research and graphics;

   (d) Persons who are parties or officers, directors or employees of a party to this Proceeding, but only to the extent there is a need to disclose such Information to assist counsel in the Proceeding;

   (e) The author or lawful recipient of such Information;

   (f) Court reporters and videographers;

   (g) The Court and Court personnel; and

   (h) Any person to whom the Producing Party gives written consent.

3

STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON
CASE NO. C 03-04935 CW AND CASE NO. C 04-03180 RS

5. **Disclosure of Outside Counsel Eyes Only Material.**  Outside Counsel Eyes Only Material may be disclosed only to the persons identified in subparagraphs 4(b)-(c) & (e)-(h) above, as well as outside counsel of record for any party in this Proceeding and their respective legal assistants, clerical and other support personnel.

6. **Bound by Protective Order.**  Before disclosing Confidential Material or Outside Counsel Eyes Only Material to any person identified in Paragraphs 4-5 above, counsel for the party seeking to make such disclosure shall provide the person with a copy of this Protective Order and inform the person that he or she is bound by its terms and may be subject to the jurisdiction of the Court for the purpose of enforcing those terms.  All persons identified in subparagraphs 5(b) above shall execute an Undertaking in the form attached hereto as Exhibit A before receiving Confidential Material or Outside Counsel Eyes Only Material.  Outside counsel shall retain the original executed Undertakings.

7. **Use and Maintenance of Material.**  Confidential Material and Outside Counsel Eyes Only Material shall be used only for purposes of this Proceeding and shall not be used for any other purpose, including business or commercial purposes.  Each recipient of Confidential Material and Outside Counsel Eyes Only Material shall take care to preserve the confidentiality of all such material and store it in a secure place to prevent unauthorized disclosure.

8. **Designation of Material.**  Confidential Material and Outside Counsel Eyes Only shall be designated and marked in the following manner:

(a) For documents, the Producing Party shall place a legend on each page of each document, unless the document is voluminous, in which case a legend may be affixed to the first page of the document, substantially in the form "Confidential" or "Outside Counsel Eyes Only."

(b) For non-written material, such as recordings, magnetic media, floppy disks, CD-Roms, photographs, and other tangible items, the Producing Party shall place a legend

1  substantially in the form described in subparagraph 8(a) above to the material or a container for
2  that material, in any suitable manner.  If any Information contained on such media is printed out,
3  such printouts will be marked as described in subparagraph 8(a) above, by the printing party.
4             (c)     For transcripts of depositions or other sworn testimony, counsel for the
5  Producing Party shall state on the record at the time of the testimony or in written notice served
6  on all parties within thirty (30) days of receipt of the transcript which portions of the testimony it
7  deems Confidential or Outside Counsel Eyes Only.  If no designation is made on the record, the
8  entire transcript shall be treated as Confidential during the thirty (30) day period.  An appropriate
9  legend substantially in the form described in subparagraph 8(a) shall be affixed to the cover page
10 and the designated pages of the transcript.  The Court Reporter or other person recording the
11 testimony shall segregate any designated portions of the transcript, and may furnish copies of
12 these segregated portions, in a sealed envelope, only to the witness as required by law, the Court,
13 and counsel for the parties.
14            (d)     For responses to written interrogatories or requests for admission, the
15 Producing Party shall state in its written responses that such responses contain Confidential
16 Material or Outside Counsel Eyes Only Material.
17       9.     **Challenging Designations.**  If a Receiving Party believes that a particular
18 "Confidential" or "Outside Counsel Eyes Only" designation is unwarranted, the Receiving Party
19 may challenge the designation by providing written notice to the Producing Party.  If the parties
20 cannot resolve the dispute informally, the Receiving Party may request the Court for relief from
21 the designation of specific Information.  The Producing Party shall bear the burden to establish
22 that the designation is appropriate.  During the pendency of any challenge or motion, the
23 contested Information shall be treated according to its designation.
24       10.    **Inadvertent Disclosure.**  Inadvertent disclosure of any Information
25 without a designation of confidentiality will not be deemed a waiver of a later claim as to its
26 confidential nature or stop the Producing Party from designating such Information as

5

1   Confidential or Outside Counsel Eyes Only at a later date.  Disclosure of such Information by
2   any party prior to such later designation shall not be deemed a violation of this Protective Order;
3   provided, however, that the party that disclosed the redesignated material shall promptly retrieve
4   all copies and/or summaries of the redesignated material from any persons not entitled to its
5   receipt under this Protective Order.
6           11.     **Submission of Material to Court.**  If any party wishes to submit or
7   present any Confidential Material or Outside Counsel Eyes Only  Material to the Court, such
8   Confidential Material or Outside Counsel Eyes Only Material shall be submitted and filed under
9   seal and shall not be made available to anyone other than the Court and its clerks and other
10  persons qualified under this Protective Order.  Envelopes used to seal such documents shall carry
11  a legend substantially in the following form:
12          **CONFIDENTIAL.  THIS DOCUMENT IS SUBJECT TO A PROTECTIVE ORDER ISSUED BY THE COURT AND MAY NOT
13          BE EXAMINED OR COPIED EXCEPT IN COMPLIANCE WITH THAT ORDER.**
14
15          12.     **Confidential Treatment at Trial.**  Subject to the Federal Rules of
16  Evidence and Local Rules of the Court, Confidential Material and Outside Counsel Eyes Only
17  Material may be offered in evidence at trial or any court hearing; provided that the proponent of
18  the evidence gives reasonable advance notice to counsel for the Producing Party.  The Producing
19  Party shall have an opportunity to respond to that notice before any of its Confidential Material
20  or Outside Counsel Eyes Only Material may be used by another party at trial or a hearing in open
21  court.
22          13.     **Disposition of Material.**  Within sixty (60) days after final conclusion of
23  this Proceeding, all Confidential Material and Outside Counsel Eyes Only Material and all copies
24  of same (excepts documents filed with the Court), including copies provided to experts and
25  consultants, shall be returned to the Producing Party or, if the Producing Party requests, shall be
26  destroyed.  Counsel for the Receiving Party shall provide counsel for the Producing Party with a

1 written certification of compliance herewith within that sixty (60) day period.  Notwithstanding
2 the foregoing, outside counsel may retain their attorney work product and all court-filed
3 documents even if they contain Confidential Material or Outside Counsel Eyes Only Material,
4 but such retained material shall remain subject to the terms of this Protective Order.

5       14.    **Limited Purpose of Protective Order.**  This Protective Order shall not
6 affect the following:

7       (a)    a party's right to object to any discovery request or seek an order
8 compelling discovery with respect to any discovery request;

9       (b)    a party's right at any proceeding herein to object to the admissibility of
10 any evidence on any ground;

11       (c)    a party's right to claim that any Information is proprietary and/or
12 otherwise barred from disclosure or use for any purpose;

13       (d)    outside counsel's ability to render advice to its clients with respect to this
14 Proceeding and, in the course thereof, relying upon Confidential Material or Outside Counsel
15 Eyes Only Material; provided that outside counsel may not disclose any other party's
16 Confidential Material or Outside Counsel Eyes Only Material other than in a manner permitted
17 herein;

18       (e)    a party's right to use its own Confidential Material or Outside Counsel
19 Eyes Only Material in any manner it sees fit, without prior consent of any party or the Court;

20       (f)    a party's right to use any information properly obtained from or available
21 through public or non-confidential sources;

22       (g)    any existing obligation or right with respect to Confidential or Outside
23 Counsel Eyes Only Material; and

24       (h)    a party's right to seek and obtain additional or different protection with
25 respect to the confidentiality of discovery as that party may deem appropriate.

26

1      15.   **Designation of Information Exchanged Prior to Entry of this**
2  **Protective Order.**  By way of a Confidentiality Agreement dated May 13, 2002, which was
3  incorporated by reference in a tolling and standstill agreement effective as of June 30, 2003,
4  parties produced documents to each other prior to the commencement of these consolidated
5  actions with the intention and understanding that such documents would be treated as
6  confidential information.  Accordingly, all documents produced by any party hereto to another
7  party during the period May 13, 2002, through October 30, 2003, shall be treated as Confidential
8  hereunder, and any produced with the legend "Attorney's Eyes Only" shall be treated as Outside
9  Counsel Eyes Only hereunder.

10     16.   **Miscellaneous.**  The terms of this Protective Order may be amended or
11 modified by written agreement of the parties or upon motion and order of the Court.  Nothing
12 herein shall prohibit a party from seeking, by stipulation or motion, different or greater
13 protection for particular documents or information.  This Protective Order shall survive the
14 termination of the Proceeding, and shall be binding upon and inure to the benefit of the parties,
15 their subsidiaries, affiliates, officers, agents, representatives, and employees, and their respective
16 successors and assigns.  The Court shall have and retain jurisdiction indefinitely over the terms
17 of this Protective Order.  A party shall be entitled to seek immediate injunctive relief to enforce
18 the terms of this Protective Order, and it shall not be a defense thereto that the aggrieved party
19 possesses an adequate remedy at law.

20 Dated:  July 19, 2005                                         DONALDSON & HART
                                                                JOSEPH F. HART
21
22
23                                                              By____/s/_____
                                                                   Attorneys for HERBERT LIMITED
24                                                                 PARTNERSHIP
25
26

| | | |
|---|---|---|
| 1 | Dated: July 19, 2005 | LAW OFFICES OF NEIL L. SHAPIRO<br>NEIL L. SHAPIRO |
| 2 | | |
| 3 | | |
| 4 | | By_____/s/_____ |
| 5 | | Attorneys for ELECTRONIC ARTS INC., SONY MUSIC ENTERTAINMENT, INC., SONY COMPUTER |
| 6 | | ENTERTAINMENT AMERICA, INC., RANDOM HOUSE, INC., WAL-MART |
| 7 | | STORES, INC., COMPUSA, INC., ELECTRONICS BOUTIQUE, INC., and |
| 8 | | BEST BUY STORES, L.P. |
| 9 | Dated: July 28, 2005 | KMZ ROSENMAN |
| 10 | | DAVID HALBERSTADTER |
| 11 | | |
| 12 | | |
| 13 | | By_____/s/_____<br>Attorneys for UNIVERSAL CITY STUDIOS LLLP and UNIVERSAL |
| 14 | | STUDIOS LICENSING LLLP |

## ORDER

Based upon the foregoing Stipulation, IT IS SO ORDERED.   BUT SEE L.R. 79-5.

Dated: ~~July~~ Aug. 10, 2005

_____
United States District Judge

*IT IS SO ORDERED*
*Judge Claudia Wilken*

**UNDERTAKING**

I, _____, declare:

1. My address is_____.

2. My present employer is_____.

3. My present occupation and job title are_____.

4. I have carefully read and understand the provisions of the Stipulated Protective Order entered in this action. I agree that I will comply fully and completely with all its terms and conditions.

5. I submit to the jurisdiction of the United States District Court for the Northern District of California for purposes of enforcement of the Protective Order and this Undertaking, and fully understand that violation of this Protective Order and Undertaking is punishable by contempt of Court.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

_____